IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1247-G |
| | § | |
| JODY WALDEN | § | |
| | § | |
| Respondent. | § | |

**<u>MEMORANDUM ORDER</u>**

The United States of America has filed a petition to enforce an Internal Revenue Service ("IRS") summons served on Jody Walden. For the reasons stated herein, the petition is granted.

I.

On April 21, 2005, the IRS served a summons on Walden as part of an investigation into his federal tax liability for the calendar years ending December 31, 1999 through December 31, 2004. Walden was directed to appear before Ginny Davis, an IRS Revenue Officer, on May 5, 2005 at 1:00 p.m. in Fort Worth, Texas, and to produce certain books, records, papers, and data at that time. Walden failed to appear as required. The government filed this action to enforce the summons on July 13, 2006.

A show cause hearing was scheduled for August 24, 2006 at 9:00 a.m. before U.S. Magistrate Judge Jeff Kaplan. Walden was personally served with a copy of the show cause order on July 19, 2006, but failed to appear at the hearing.[1] Assistant U.S. Attorney Shane Read appeared for the

---

[1] On August 23, 2006, the day before the show cause hearing, Walden telephoned Davis and promised to produce the subpoenaed documents that afternoon. He failed to do so.

government and announced ready to proceed.  After considering the petition and the exhibits attached thereto, the court determines that the summons should be enforced in its entirety.

II.

A federal district court may enforce an IRS summons if the respondent fails to appear and produce records that are relevant to a legitimate tax inquiry.  28 U.S.C. § 7604; *United States v. Wyatt*, 637 F.2d 293, 299-300 (5th Cir. 1981).  The government must prove that:  (1) the investigation is being conducted for a legitimate purpose; (2) the summons is relevant to that purpose; (3) the information sought is not already in the possession of the IRS; and (4) all proper administrative procedures have been followed.  *United States v. Powell*, 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-55, 13 L.Ed.2d 112 (1964); *Barquero v. United States*, 18 F.3d 1311, 1316 (5th Cir. 1994).  The burden then shifts to the taxpayer to challenge the summons on any "appropriate ground." *Powell*, 85 S.Ct. at 255; *Barquero*, 18 F.3d at 1316-17.  Those grounds are limited to cases involving harassment, abuse of process, and other acts of bad faith.  *See United States v. Stuart*, 489 U.S. 353, 360, 109 S.Ct. 1183, 1188, 103 L.Ed.2d 388 (1989).

In a sworn declaration attached to the petition, Davis states that she is currently investigating Walden's tax liability for the calendar years ending December 31, 1999 through December 31, 2004. (*See* Gov't Pet., Exh. B. at 1, ¶ 2).  Davis further claims that the books, records, and other documents requested in the summons are necessary to the investigation, that the information sought is not already in the possession of the IRS, that all administrative steps required by law for issuance of the summons have been taken, and that there is no Justice Department referral in effect with respect to this matter.  (*Id.*, Exh. B at 1-2, ¶¶ 3-9).

The court finds that the IRS summons is valid and should be enforced.  The government has established that the investigation is being conducted for a legitimate purpose, that the summons is

relevant to that purpose, that the information sought is not already in the possession of the IRS, and that the proper administrative procedures have been followed. Walden has failed to demonstrate bad faith or an abuse of process on the part of the government.

### **CONCLUSION**

For these reasons, the government's petition to enforce IRS summons [Doc. #1] is granted. Jody Walden is ordered to testify and produce all books, records, papers, and other documents specified in the summons attached as Exhibit "A" to the government's petition filed on July 13, 2006. Walden is ordered to appear with these materials before Revenue Officer Ginny Davis, or any other officer of the Internal Revenue Service, at 2601 Meacham Boulevard, Suite 550, Fort Worth, Texas 76137, on **September 6, 2006** at **9:00 a.m.**

A copy of this order shall be sent by certified mail, return receipt requested, and by regular mail to Jody Walden at: (1) 117 South Willomet, Dallas, Texas 75209; and (2) 5001 El Campo, Suite D, Fort Worth, Texas 76107.

SO ORDERED.

DATED: August 24, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE